# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ODIS HUGHES, JR.,

       Petitioner,        :     Case No. 2:23-cv-411

 - vs -                               Chief Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
  Chillicothe Correctional Institution

                                            :
       Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case is brought *pro se* by Petitioner Odis Hughes, Jr., under 28 U.S.C. § 2254 to obtain relief from his conviction in the Lucas County Court of Common Pleas on charges of robbery and felonious assault (Petition, ECF No. 3, PageID 24).

Because Petitioner was convicted in the Northern District of Ohio but is confined in this District, he had a choice of where to file his Petition. 28 U.S.C. § 2241(d).  Although this Court has discretion to transfer the case to the Northern District, the Court elects to respect Petitioner's choice of venue and retain jurisdiction.

The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner.  In this District, after a new habeas case is assigned to one of the District Judges, it is automatically and randomly referred to one of the Magistrate Judges for all further proceedings, including initial review under Rule 4.  This Report reflects the results of that review.

Although Petitioner has used the standard form for habeas petitions prescribed by the Rules Governing § 2254 Proceedings, he has not pleaded any grounds for relief on that form.  See, e.g., Ground One, PageID 28.

*Pro se* litigants are entitled to liberal construction of their pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Therefore the Magistrate Judge reads the Petition as raising here the same grounds for relief Petitioner raised on direct appeal as set forth in ¶ 9(f) of the Petition.

In *Ohio v. Hughes*, 2022 Ohio App. LEXIS 3400 (6th Dist. Oct. 7, 2022), the Ohio court of appeals affirmed dismissal of Hughes post-conviction petition under Ohio Revised Code § 2953.21 as untimely.  The reported decision notes that on January 14, 2014, Hughes pleaded guilty, pursuant to a negotiated plea agreement, to stabbing a former co-worker and stealing $6,000 on March 23, 1984.  He fled the jurisdiction and remained at large until he confessed the crime while being interrogated out-of-state on another offense.  He was then sentenced to three to fifteen years on the 1984 charges.  On September 22, 2021, Hughes filed a direct appeal of the February 25, 2014, trial court judgment.  Because it was more than seven years late and a timely notice of appeal is jurisdictional in Ohio, the appeal was dismissed.  A successive post-conviction petition filed the next month was dismissed on the basis of *res judicata*.  The court of appeals decision does not recite the assignments of error raised; this Court accepts Petitioner's representation of what they were.

The grounds for relief attempted to be raised on direct appeal and re-stated in ¶ 9(f) of the Petition are:

1. The trial and appellate court failed to follow the mandates and sentencing laws handed down by the Ohio Supreme Court.

2. The appellate court's misinterpretation of Ohio Revised Code § 2953.08 denied the appellant procedural and substantive due process.

3. The trial court sentence[d] appellant without having jurisdiction to do so, as the statute of limitation for the crime had run out.

Although Petitioner asserts these all raise federal constitutional issues, they do not. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor,* 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

The question of proper interpretation and application of Ohio sentencing statutes is a question of Ohio law, as is the proper interpretation of Ohio Revised Code § 2953.08. Likewise the question whether the Ohio statute of limitations for criminal offenses is tolled by a defendant's absence from the state is a question of Ohio law. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.

1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Because the Petition raises only questions of Ohio law, it does not state a claim upon which habeas corpus relief can be granted and should therefore be dismissed without prejudice. The Magistrate Judge reaches this conclusion without considering any possible affirmative defense which the State might raise, such as Petitioner's procedural defaults in presenting his claims in the Ohio courts.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 27, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

4

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge