# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

ODIS HUGHES, JR.,

        Petitioner,           :     Case No. 2:23-cv-411

    - vs -                   Chief Judge Algenon L. Marbley
                               Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
  Chillicothe Correctional Institution

                            :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Odis Hughes, Jr., under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections[1] (ECF No. 5) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice on initial review under Rule 4 of the Rules Governing § 2254 Proceedings (the "Report," ECF No. 4).

Petitioner did not plead any formal Grounds for Relief in his Habeas Corpus Petition (See, e.g., Ground One at Petition, ECF No. 3, PageID 28, which is completely blank. The same is true of Ground Two (PageID 30), Ground Three (PageID 31), and Ground Four (PageID 33)). The Magistrate Judge therefore assumed Petitioner intended to raise here the same claims he had raised on appeal in the Ohio courts, which were repeated at ¶ 9f of the Petition.

---

[1] The pleading is labeled "Petitioner's Timely Traverse," but responds to the Magistrate Judge's Report and Recommendations and is therefore entitled to be treated as objections under frcpm72(b).

In his Objections, Petitioner does not state that interpretation of the Petition was wrong, but he organizes and states his claims in a different form.

### Proposition of Law Number One

> The trial court denied the Petitioner Substantive Due Process and Equal Protection of the Law under the 1st, 5th, and 14th Amendments to the United States Constitutions [sic] when it applied *res-judicata* in a case where the Petitioner's guilty plea became a void contract due to its request that Petitioner perform an illegal act not capable of being performed under Ohio statutory law.

(ECF No. 5, PageID 63).

This Proposition of Law does not appear anywhere in the Petition. The Petition accuses the Ohio courts of "misapplying the doctrine of *res judicata* to a void contract" (Petition, ECF No. 3, PageID 26). However, it says nothing about why the contract was allegedly void or how the Ohio courts misapplied *res judicata*. The Due Process and Equal Protection Clauses are not mentioned at all. Hughes apparently did not raise them in the Sixth District Court of Appeals. Its decision upholding dismissal of the post-conviction petition on *res judicata* grounds makes no mention of any constitutional claims. *State v. Hughes,* 2022 Ohio App. LEXIS 3400 (Oct. 7, 2022).

> A federal habeas corpus court cannot consider any constitutional claim which has been procedurally defaulted by failure to present it to the state courts. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights

claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

Hughes has procedurally defaulted this claim in at least two ways. First of all, his notice of appeal was filed more than seven years after the jurisdictional deadline for doing so. Second, because it had not been properly raised on direct appeal it was barred by *res judicata*. The Sixth Circuit Court of Appeals has repeatedly held Ohio's criminal *res judicata* doctrine as applied in criminal cases is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

Petitioner objects that the Magistrate Judge has "failed to look at contract law in making his determination that Petitioner's claims were untimely." (Traverse/Objections, ECF No. 5, PageID 66). But it is not the Magistrate Judge who determined that Petitioner's filings were untimely, but rather the Ohio Court of Appeals for the Sixth District. Furthermore, Petitioner offers no explanation of why contract law should be examined by this Court. Petitioner is correct that plea agreements are contractual in nature. *United States v. Lukse*, 286 F.3d 906 (6th Cir. 2002).

3

But it is Ohio contract law which is involved here and Petitioner has made no argument as to why his plea agreement is void.

Hughes argues his right to appeal is governed by Ohio Revised Code § 2953.08 which does not include a time limit (ECF No. 5, PageID 67). While it is true that § 2953.08 does not itself include a time limit on appeal, the Ohio Rules of Appellate Procedure do include a thirty-day time limit which the Sixth District held to be applicable.

Hughes objects to the failure of the Magistrate Judge to transfer this case to its "proper" venue, claiming he did not choose to bring it here. PageID 67. The face of the Petition shows it was filed with the Clerk of this Court on January 25, 2023, and not in the Northern District. This Court did not "kidnap" the case from the Northern District. Because the 28 U.S.C. § 2242 gives a habeas petitioner a choice in a State like Ohio with more than one judicial district, the Court assumed Hughes had made that choice.

Hughes complains that he received a sentence that was not authorized by statute and his guilty plea was not knowing, intelligent, and voluntary. PageID 69. That is certainly an issue he could have raised on direct appeal if he had filed a timely notice of appeal. But he did not. Hughes claims his sentence violates the Eighth Amendment's Cruel and Unusual Punishment Clause. PageID 70. That claim is also not made in the Petition.

**Conclusion**

Having reviewed the case in light of Petitioner's Objections, the Magistrate Judge again concludes the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of

appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively

frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

February 8, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
