IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ODIS HUGHES, JR.,** | : |
| | : |
| Petitioner, | : |
| | : Case No. 2:23-cv-411 |
| v. | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| **TIM SHOOP, Warden,** | : |
| Chillicothe Correctional Institution | : Magistrate Judge Michael R. Merz |
| | : |
| Respondent. | : |

### OPINION & ORDER

On January 26, 2023, Petitioner Odis Hughes, Jr. filed a Petition for Writ of Habeas Corpus. (ECF No. 3). Now before this Court are Petitioner's Objections (ECF No. 5) to the Magistrate Judge's initial Report and Recommendations ("First R&R," ECF No. 4) as well as Petitioner's Objections (ECF No. 8) and Supplemental Objections (ECF No. 9) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental R&R," ECF No. 7). For the reasons stated below, the Magistrate Judge's R&Rs (ECF Nos. 4, 7) are **ADOPTED**. Accordingly, Petitioner's Objections (ECF Nos. 5, 8, 9) are **OVERRULED**, and his Petition for Writ of Habeas Corpus (ECF No. 3) is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Petitioner Odis Hughes, Jr. is an inmate at Chilicothe Correctional Institute. (ECF No. 3 at 1). On February 25, 2014, the Lucas County Court of Common Pleas sentenced Petitioner to a period of three to fifteen years imprisonment following his convictions for robbery and felonious assault. (*Id*.). On January 26, 2023, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF. No. 3).

In his Petition, Petitioner did not explicitly list grounds for *Habeas* relief, but did list grounds for relief he had presented in earlier state court proceedings. (ECF. No. 3 at PageID 25-26). Specifically, on August 17, 2020, Petitioner filed a motion for resentencing and post-conviction relief with the state trial court claiming:

> That Appellants-Defendants was illegally sentence because the sentence imposed was contrary to sentencing guidelines and thus the Court lacked jurisdiction to impose it. And misapplied the doctrine of Res-Judicata to the issue of a void contract.

(ECF. No. 3 at PageID 26). On November 25, 2020, the Petitioner's motion was denied by the state trial court as untimely. (*Id.*); *see also* Opinion and Judgment Entry, *Ohio v. Hughes, Jr.*, No. CR-13-2726 (Ohio Ct. Com. Pl. Lucas Cnty. Nov. 25, 2020). Petitioner filed a second post-conviction relief motion with the state trial court, which was denied. *See* Motion to Correct a Void Sentence, *Ohio v. Hughes, Jr.*, No. CR-13-2726 (Ohio Ct. Com. Pl. Lucas Cnty. Oct. 22, 2021); Opinion and Judgment Entry, *Ohio v. Hughes, Jr.*, No. CR-13-2726 (Ohio Ct. Com. Pl. Lucas Cnty. Feb. 8, 2022).

Petitioner then appealed to the state appellate court under Ohio Revised Code (R.C.) § 2953.08. In this appeal, Petitioner raised three grounds:

> 1) The trial & appellate court failed to follow the mandates and sentencing laws handed down by the Ohio Supreme Court.
> 2) The appellate court's misinterpretation of R.C. 2953.08 denied the Appellant procedural and substantive due process.
> 3) The trial court sentence Appellant without having jurisdiction to do so, as the statute of limitations for the crime had run out.

(ECF. No. 3 at PageID 25). On October 7, 2022, the state appellate court dismissed Petitioner's appeal as barred by *res judicata*. *See* Judgment Entry, *Ohio v. Hughes, Jr.*, No. 48L-22-1046 (Ohio 6th Ct. App. Oct. 7, 2022). Specifically, the state appellate court noted that Petitioner's second appeal did not raise any new issues that were not or could not have been raised initially. *Id.* at 4.

Petitioner then appealed to the Ohio Supreme Court, but the Ohio Supreme Court declined to accept jurisdiction. (ECF No. 3 at PageID 25).

On January 26, 2023, Petitioner filed a Petition for a Writ of Habeas Corpus. (ECF No. 3). On January 27, 2023, the Magistrate Judge issued its First R&R. (ECF No. 4). The Magistrate Judge considered the grounds for appeal that Petitioner raised with the state trial and appellate courts. The Magistrate Judge recommended that the Petition be dismissed without prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. (ECF No. 4 at PageID 57-58).

Petitioner filed an objection to the Magistrate Judge's First R&R. (ECF No. 5). This Court then instructed the Magistrate Judge to file a supplemental report. (ECF No. 6). The Magistrate Judge's Supplemental R&R again recommended that the Petition be denied. (ECF No. 7 at PageID 76-77). Petitioner timely objected to the Magistrate Judge's Supplemental R&R and filed supplemental objections. (ECF Nos. 8, 9). Petitioner asserts that the Magistrate Judge failed to interpret his Petition in a liberal manner befitting a *pro se* litigant, that the state appellate court wrongly ruled that his appeal was untimely, and that his plea agreement and resulting sentence are void *ab initio*. (ECF No. 9 at PageID 82-85). Petitioner's *habeas* petition is ripe for this Court's consideration.

## II.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c).  After this review, the district judge

3

"may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. LAW AND ANALYSIS

#### A. Ground One: Liberal Construction of *Pro Se* Pleadings

In his supplemental objections to the Magistrate Judge's Supplemental R&R, Petitioner objects to the Magistrate Judge's note that certain sections of his Petition were left blank, namely the grounds for relief. (ECF No. 9 at PageID 83-84). *Pro se* petitions are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). A *pro se* complaint may only be dismissed as frivolous "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Malone v. Colyer*, 710 F.2d 258, 261 (6th Cir. 1983).

Here, the Magistrate Judge, after identifying that no grounds had been directly stated in the Petition, still considered Petitioner's claims that he raised with the state trial and appellate courts. In the Magistrate Judge's First R&R, the Magistrate Judge restated what he believed to be the Petitioner's grounds for relief based off his state court appeals and found that they were improper grounds to grant *Habeas* relief. (ECF No. 4 at PageID 57). With the benefit of Petitioner's first set of objections, the Magistrate Judge's Supplemental R&R considered additional grounds and found them equally lacking in merit. (ECF No. 7). By considering Petitioner's claims raised in state court and attempting to interpret Petitioner's claims contained in his objections to the Magistrate Judge's R&Rs, this Court is satisfied that the Magistrate Judge liberally construed Petitioner's Petition. Contrary to Petitioner's claims, the Magistrate Judge did not dismiss the Petition due to the incompletion of the Petition. Instead, the Magistrate Judge considered all plausible arguments,

4

even though the Petition itself did not explicitly state them. Accordingly, Petitioner's first ground for relief is **DISMISSED**.

### B. Ground Two: Ohio Law Places No Time Restrictions on Appeals

In his second ground for relief, Petitioner claims that the state appellate court erred by ruling that his appeal was untimely. (ECF No. 9 at PageID 84-85). Petitioner argues that the relevant section of Ohio law, which codifies the right to appeal, has no timeframe requirement and, as a result, his appeal more than seven years after sentencing should not have been dismissed. *Id*.

Ohio Revised Code Section 2953.08(A) states the bases under which a defendant who is convicted or pleads guilty to a crime may appeal his sentence. Section 2953.08(E) states that a "defendant... shall file an appeal of a sentence under this section to a court of appeals within the time limits specified in Rule 4(B) of the Rules of Appellate Procedure." Rule 4 of the Ohio Rules of Appellate Procedure states that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R 3 within 30 days of that entry." Ohio App.R. 4(A)(1).

The Magistrate Judge found that the 30-day deadline for filing an appeal stated in Rule 4 of the Ohio Rules of Appellate Procedure provided a valid rationale for the state court's dismissal of Petitioner's appeal. (ECF. No. 7 at PageID 76). Petitioner argues that the Magistrate Judge's finding in regards to the 30-day deadline is "completely an incorrect interpretation of the statute, and [the Magistrate Judge] has provided no legal support for his conclusion by way of case laws." (ECF No. 9 at PageID 84). While O.R.C. § 2953.08(A) does not contain an explicit reference to a deadline or to Appellate Rule 4, the clear and unequivocal reference in R.C. § 2953.08(E) supports the Magistrate Judge's conclusion.

Moreover, the 30-day deadline to file an appeal is well established in Ohio case law. *See State v. Clayton*, 125 Ohio St. 3d 450, 2010-Ohio-2123, 928 N.E.2d 1093 (Ohio 2010) (affirming dismissal of a criminal appeal filed after 30 days); *State v. Carson*, 2004-Ohio-2741, ¶ 8 (Ohio App. Ct. 2004) ("An appeal must be filed within 30 days from the entry of the judgement of conviction.").

The Ohio Rules of Appellate Procedure contains an additional rule allowing a criminal defendant to appeal after the expiration of the 30-day deadline with leave of court. Ohio App.R. 5(A). Generally, in order to succeed on a Rule 5(A) motion, a defendant must demonstrate cause for both the delay itself and the length of delay. *See, e.g., State v. Yates*, 2004-Ohio-4864, *5-8 (Ohio Ct. App. 2004); *State v. Robinson*, 2004-Ohio-4654, *3 (Ohio Ct. App. 2004); *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011). Here, Petitioner showed no cause for delay to the state appellate court and, therefore, cannot invoke this rule to justify his late appeal. Accordingly, Petitioner's second ground for relief is **DISMISSED**.

## C. Ground Three: The Plea Agreement is a Void Contract

In his third ground for relief, Petitioner claims that the Magistrate Judge erred by finding that his plea agreement was valid and not void. (ECF No. 9 at PageID 85). Petitioner claims that the plea agreement he entered into with the state contains provisions that require "a party to perform a duty that is contrary to statutory law." (*Id.*). Under Petitioner's theory, the state court could not have accepted his plea agreement because the agreement itself required Petitioner or the prosecutor to commit to some illegal action.

The notion that a contract cannot be valid if it requires a party to conduct illegal activity is well documented in Ohio case law, including in several of the cases that Petitioner cites. *See, e.g. Roll v. Raguet*, 4 Ohio 400, 419 (Ohio 1831); *State v. Karmasu*, 2011-Ohio-3253, ¶ 29 (Ohio App.

Ct. 2011). These cases, however, demonstrate this principle in private contracts, often involving a party seeking the court's help to enforce what they believe is a valid contract against another party.

A corollary of this principle in the criminal context arises when a court imposes a sentence on a defendant which is unauthorized by the law. Under Ohio case law, such an unauthorized sentence is considered void and the trial court must resentence the defendant. *State v. Billiter*, 134 Ohio St. 3d 103, 105-06, 2012-Ohio-5144, 980 N.E.2d 960, 963 (Ohio 2012).

Petitioner has not presented details explaining what aspect of his plea agreement he believes required an illegal act. His first set of objections point to a violation of R.C. § 2921.42(A). (ECF No. 5 at PageID 64) ("(As here) where under R.C. 2921.42 (A) was violated..."). This section of Ohio law contains a public corruption statute. Among other activities, it states that "[n]o public official shall knowingly do any of the following: (1) Authorize... any public contract in which the public official... has an interest." O.R.C. § 2921.42(A)(1). There are no facts presented to this Court to suggest how Petitioner's plea agreement is connected with a violation of O.R.C. § 2921.42(A).

Furthermore, the sentence given to Petitioner was within the allowable parameters under Ohio law and was known to Petitioner at the time he pled "No Contest." *See* O.R.C. § 2929.14; *see also* Plea of No Contest, *Ohio v. Hughes, Jr.*, No. CR-13-2726 (Ohio Ct. Com. Pl. Lucas Cnty. Jan. 14, 2014). There is no indication that any facts exist to void Petitioner's sentence. Accordingly, Petitioner's third ground for relief is **DISMISSED**.

### IV. CONCLUSION

Having considered Petitioner's grounds for relief that he presented to the state trial and appellate courts and his objections to the Magistrate Judge's R&Rs, this Court finds they are without merit. Accordingly, the Magistrate Judge's R&Rs (ECF Nos. 4, 7) are hereby **ADOPTED**,

Petitioner's Objections (ECF Nos. 5, 8, 9) are **OVERRULED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 3) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed.

    **IT IS SO ORDERED.**

                                                     _____
                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 30, 2023**